Daniel, J.
 

 In the year 1803, Robert R. Brantley made his will and died. He devised the land in controversy to his wife Bethur Brantleyj during her widowhood} and on the event
 
 *226
 
 of her marriage, (which event happened) then over to his two daughters, Harriet Brantley and Sarah Brantley, to them and to their heirs, “ and if they should die
 
 without an heir,
 
 then to return to my wife Bethur Brantley.” The two daughters have died without issue, and the lessors of the plaintiff are their heirs at law. The defendant claims title under Bethur Brantley. The two daughters took a fee simple in the land as tenants in common, and the question is, whether the exec-utory devise over to Bethur Brantly, on the death of the two daughters
 
 without an heir,
 
 is, or is not too remote and void. If the limitation over had vested on the event that the two daughters died without children, it would have been a good limitation, as that event must necessarily have been known during the life or lives of persons in being, or twenty-one years thereafter. But the word heir, used by the testator, cannot be construed
 
 children,
 
 as there is nothing in the will to authorize us to change its technical signification. By the will, Bethur Brantley was not to take the land, as long as there was a person or persons-to' be found, who could entitle himself or themselves to the'character of heir or heirs to the two deceased daughters. Such persons may perhaps be found long after the death of the two daughters,, for the collateral relations of the two daughters would be their heir or heirs
 
 ad infinitum.
 
 And until such collateral stocks should become exhausted, Bethur Brantley never could take, by the very terms of the will. The present lessors of the plaintiff are now heirs to the two daughters. The limitation over to Be-thur Brantley is tao remote, and is therefore void. The will was made before our act of Assembly on the subject.
 

 Per Curiam, Judgment affirmed.